UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KENNETH LAVAUGHN JOHNSON, JR., <br><br> Plaintiff, <br><br> v. <br><br> LT. GOWDY et al., <br><br> Defendants. | Case No. 24-10385 <br> Honorable Laurie J. Michelson <br> Magistrate Judge David R. Grand |

**OPINION AND ORDER SCREENING AND PARTIALLY DISMISSING COMPLAINT [1]**

Kenneth LaVaughn Johnson, Jr. is currently incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan. He claims that seven Michigan Department of Corrections officials placed him in segregation after confiscating his legal materials, subjected him to a strip search in front of another inmate, and issued him multiple contraband misconducts. He believes this conduct violates the Prison Rape Elimination Act and his Fourth, Eighth, and Fourteenth Amendment rights. So he brought this *pro se* civil rights case under 42 U.S.C. § 1983. After screening the complaint, the Court summarily dismisses Johnson's Fourteenth Amendment and PREA claims because these allegations fail to state a viable claim for relief. But Johnson's Fourth and Eighth Amendment claims survive summary dismissal.

## I.

Along with his complaint, Johnson filed a motion to proceed without prepayment of the filing fee. (ECF No. 2.) It was granted by Chief Magistrate Judge David R. Grand. (ECF No. 5); *see* 28 U.S.C. § 1915(a)(1).

When a Court grants an application under 28 U.S.C. § 1915, it has an additional responsibility: screen the complaint and decide whether it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). The Court must also screen complaints of incarcerated persons, under the Prison Litigation Reform Act, for these same concerns. *See* 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).

To decide whether a complaint states a claim upon which relief may be granted, courts "apply the familiar standards of Rule 12(b)(6)." *Lucas v. Chalk*, 785 F. App'x 288, 290 (6th Cir. 2019) (citing Fed. R. Civ. Pro. 12(b)(6)); *see Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard governs dismissals for failure to state a claim under the PLRA as under Rule 12(b)(6)). A complaint must contain sufficient factual allegations that, if assumed true and viewed in the light most favorable to the plaintiff, "state a claim to relief that is plausible on its face." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Detailed factual allegations are not required, *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012), but a complaint must "raise a right to relief above the

speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and "permit the court to infer more than the mere possibility of misconduct," *Iqbal*, 556 U.S. at 679.

Additionally, a pro se litigant's complaint must be construed "liberally," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), i.e., read "indulgently," *Ruiz v. Hofbauer*, 325 F. App'x 427, 429–30 (6th Cir. 2009) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). But the Court's leniency is "not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The Court must assume a plaintiff's factual allegations are true, but it is not required to accept as true allegations that are "clearly irrational or wholly incredible." *Ruiz*, 325 F. App'x at 430 (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Nor may the Court "conjure up unpleaded facts to support conclusory allegations." *Williams v. Hall*, No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Perry v. UPS*, 90 F. App'x 860, 861 (6th Cir. 2004)). Basic pleading requirements "apply to self-represented and counseled plaintiffs alike." *Id.*; *see Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004).

## II.

Johnson alleges that on May 16, 2023, during a shakedown of his cell, Corrections Officer FNU[1] Trotta confiscated his legal materials and gave them to Inspector FNU Cooper. (ECF No. 1, PageID.7–8.) Johnson was issued a contraband misconduct. (*Id.* at PageID.8.) Johnson does not indicate what form of contraband

---

[1] First name unknown.

3

was confiscated but seems to imply that the "contraband" was simply his legal materials. (*Id.*)

The next day, Johnson was taken to segregation. (*Id.* at PageID.7–8.) He was placed in a "see-through cell" in view of another inmate. (*Id.*) There, two corrections officers—named as John Doe Defendants—ordered Johnson to strip naked and then to provide a urine sample. (*Id.*) Johnson complains that this was done in view of the other prisoner. (*Id.*) Johnson claims that Defendant Lieutenant FNU Gowdy then came and talked to him about his pending federal charges, increased his security level, and photographed his tattoos. (*Id.* at PageID.8.)

Johnson was sent to a new housing unit. (*Id.*) After another shakedown, he was issued another misconduct for contraband and his legal materials were again taken. (*Id.*) Johnson complains that Hearing Officer FNU Austin did not hold a hearing on either misconduct citation. (*Id.*)

On May 21, 2023, Johnson says that he was taken to see Gowdy, who gave him legal papers issued in his federal criminal case. (*Id.*) Later that day, Johnson was called back to the control center and was "given a notebook with most of the pages ripped out." (*Id.*) Johnson does not explain what the notebook was, but it is possible this was the notebook he used for his legal materials.

Johnson asserts that he complained to Defendant Warden Cargor about the harassment, PREA violation, and due process violations, but she did not do anything to resolve the issues. (*Id.*)

4

### III.

Johnson has now brought suit, claiming that Defendants violated the Fourth, Eighth, and Fourteenth Amendments as well as state law and state administrative rules. (Id. at PageID.5.) He asserts that he suffered from anxiety because of Defendants' actions and that "[w]ithout [his] legal materials, [his] defense was slightly hindered." (Id. at PageID.9.) Johnson seeks $10 million in damages. (*Id*.) The Court will address those claims being dismissed.

#### A. Fourteenth Amendment

To state a federal civil rights claim under § 1983, a plaintiff must set forth facts that establish (1) the plaintiff was deprived of a right secured by the federal Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law. *See, e.g.*, *Baynes v. Cleland*, 799 F.3d 600, 607 (6th Cir. 2015).

Because § 1983 offers a method for vindicating federal rights and is not a source of substantive rights itself, the Court must identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *see Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

Johnson asserts that his Fourteenth Amendments rights were violated but does not indicate which of the complained-of incidents form the basis for this claim. While the most plausible basis for such a claim appears to be Defendant Hearing

5

Officer Austin's alleged failure to conduct a hearing on Johnson's contraband misconducts, the allegations against Austin do not amount to a Fourteenth Amendment violation.

The Fourteenth Amendment's Due Process Clause protects individuals against the deprivation of life, liberty, or property without due process. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "[T]hose who seek to invoke its procedural protection must establish that one of these interests is at stake." *Id.* An incarcerated person does not have a protected liberty interest in connection with prison disciplinary proceedings unless the sanction "will inevitably affect the duration of his sentence" or the resulting restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 486–87 (1995).

Johnson does not allege that the results of his prison disciplinary proceedings would inevitably affect the duration of his sentence. And while he does not allege the length of time he spent in segregation, he does not appear to have suffered a loss of privileges that constitutes an "atypical and significant" hardship in relation to the ordinary incidents of prison life. *See Meeks v. Washington*, No. 21-2670, 2022 WL 18144109, at *2 (6th Cir. July 29, 2022) (holding that 30-day loss of privileges did not constitute an atypical and significant hardship).

If Johnson instead is claiming that the seizure of his legal materials violated the Fourteenth Amendment, he has not adequately pled this claim. While access to the courts may be a viable claim under the Fourteenth Amendment, *see, e.g. Hubbard*

6

*v. Mann*, No. 21-55, 2021 WL 2845099, at *11 (W.D. Mich. July 8, 2021) (allowing due process claim regarding interference with legal mail to survive screening), Johnson says the loss of his legal work only "slightly hindered" his defense (ECF No. 1, PageID.9). This does not make out an injury under the Fourteenth Amendment. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (requiring incarcerated plaintiffs to show "actual injury" to bring an access to courts claim).

Because Johnson has not alleged that any misconduct citation extended the duration of his sentence or posed an atypical hardship, nor has he alleged the confiscation of his undisclosed legal materials caused an actual injury, he does not state a due process claim.

### B. Liability of Warden Cargor

Johnson sues the Warden of his facility for failing to take corrective action. The doctrine of respondeat superior, however, does not impute § 1983 liability to supervisory personnel, *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–95 (1978), unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it," *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "At a minimum [Johnson] must show that [Cargor] at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Hays v. Jefferson County*, 668 F.2d 869, 874 (6th Cir. 1982). Johnson fails to allege any specific conduct that would support such a finding against Warden Cargor. So the Court will dismiss Cargor from the case.

7

## C. PREA

To the extent Johnson asserts a violation of the Prison Rape Elimination Act, 34 U.S.C. §§ 30301–30309, resulting from the strip search, he fails to state a cognizable claim. Although the Sixth Circuit has yet to address whether PREA creates a private cause of action, numerous district courts in this Circuit maintain that it does not. *See McLaurin v. Kabat*, No. 23-11212, 2023 WL 5939820, at *1 (E.D. Mich. Sept. 12, 2023) ("PREA does not create a private cause of action for prisoners or other individuals."); *Perry v. Warden Warren Corr. Inst.*, No. 20-30, 2020 WL 3396317, at *6 (S.D. Ohio June 19, 2020) (same). Other courts have likewise found that a prisoner's "claim that his strip search was not PREA compliant does not in itself state a cause of action." *See, e.g., McMillan v. Hughes*, 17-13435, 2018 U.S. Dist. LEXIS 138953, at *15–16 (D.N.J. Aug. 16, 2018) (citing *Bowens v. Wetzel*, 674 F. App'x 133, 137 (3d Cir. 2017) (per curiam) ("Plaintiff may not attempt to enforce statutes or policies that do not themselves create a private right of action [including PREA] by bootstrapping such standards into a constitutional deliberate indifference claim."); *see also Krieg v. Steele*, 599 F. App'x 231, 233 (5th Cir. 2015) ("[A]ny claim raised under the PREA is properly dismissed as frivolous."); *McRae v. Myers*, No. 22-1821, 2023 U.S. App. LEXIS 5627, 2023 WL 2423590, at *3 (7th Cir. Mar. 9, 2023) ("[T]hough PREA is a federal law, it does not create a private cause of action."); *Johnson v. Garrison*, 859 F. App'x 863, 863-64 (10th Cir. 2021) (affirming the district court's holding that the PREA does not create a private right of action enforceable under section 1983).

8

Thus, the Court finds that Johnson cannot state a plausible claim for relief under the statute.

### D. State Law Claims

Johnson also lists a state statute, several state administrative rules, and a policy directive from the Michigan Department of Corrections in response to the form complaint's question "what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?" (ECF No. 1, PageID.5.)

But these are not grounds for suit under § 1983. As the complaint form suggests, a § 1983 claim is only for violations of the federal Constitution or federal law.

And even if Johnson intends to bring these as additional state law claims they cannot survive screening. First, the Michigan statute he cites does not apply to incarcerated people. *See* Mich. Comp. Laws § 764.25a(7) ("This section shall not apply to the strip search of a person lodged in a detention facility by an order of a court or in a state correctional facility housing prisoners under the jurisdiction of the department of corrections . . . ."). Second, administrative rules and policy directives generally do not create a private right of action, nor do the specific rules and directives cited by Johnson imply a private right of action. *See, e.g., T.S. v. Utica Cmty. Schs.,* No. 11-13092, 2013 WL 5954425, at *8 (E.D. Mich. Nov. 7, 2013) ("The Sixth Circuit has cautioned that it 'does not infer the existence of private rights of action haphazardly. . . . [T]he recognition of a private right of action requires affirmative evidence of congressional intent in the language and purpose of the

9

statute or in its legislative history.'" (omission and alteration in original) (quoting *Salt Lick Bancorp v. Fed. Deposit Ins. Corp.*, 187 F. App'x 428, 437 (6th Cir. 2006))). Plaintiffs bear the burden of demonstrating the legislature intended to create a private right of action. *Suter v. Artist M.,* 503 U.S. 347, 363–64 (1992). And Johnson has not met this burden—indeed, he has not even addressed this issue. Lastly, these are not claims that the Court would exercise supplemental jurisdiction over under 28 U.S.C § 1367.

So to the extent Johnson makes claims under Michigan Compiled Laws § 764.25a; Michigan Administrative Code Rules 791.2210, 791.3310, and 791.5510; and Michigan Department of Corrections Policy Directive 04.04.110(DD), those claims are dismissed.

At this stage, the Court will permit service of the complaint with the Fourth and Eighth Amendment claims. *See, e.g., Bartleson v. Parker,* No. 19-6027, 2021 U.S. App. LEXIS 14957 (6th Cir. May 19, 2021) (order).

## IV.

Accordingly, it is ORDERED that Johnson's claims under the Fourteenth Amendment, PREA, and any Michigan laws, rules, and directives are DISMISSED. Johnson's § 1983 claims for violations of the Fourth and Eighth Amendments survive as to Defendants Gowdy, Trotta, Cooper, and John Does I and II.

It is further ORDERED that Defendants Warden Cargor and Hearings Investigator Austin are DISMISSED from the case, as there are no surviving claims against them.

SO ORDERED.

Dated: April 3, 2024

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE