UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KENNETH LAVAUGHN JOHNSON, JR.,<br><br>  Plaintiff,<br><br>v.<br><br>LT. GOWDY et al.,<br><br>  Defendants. | Case No. 24-10385<br>Honorable Laurie J. Michelson<br>Chief Mag. Judge David R. Grand |

# OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [31]

Kenneth LaVaughn Johnson, Jr. is currently incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan. He filed this *pro se* civil rights complaint under 42 U.S.C. § 1983, claiming that Michigan Department of Corrections officials placed him in segregation after confiscating his legal materials, subjected him to a strip search in front of another inmate, and issued him multiple contraband misconducts. (ECF No. 1.) After an initial screening dismissing some claims, Johnson's Fourth and Eighth Amendment claims survived. (ECF No. 6.) All pre-trial matters were referred to Chief Magistrate Judge David R. Grand. (ECF No. 15.)

Soon after, Defendants Derek Gowdy, Brent Trotta, and Joshua Cooper moved for partial summary judgment, arguing that Johnson's claims related to a contraband misconduct allegedly issued on May 16, 2023, were not properly exhausted as required by the Prison Litigation Reform Act. (ECF No. 22.) In his response, Johnson seems to concede that he did not exhaust this claim. (ECF No. 25, PageID.129

("Plaintiff never sought any administrative remedies about the misconducts he received.").) And while his complaint claimed that he received two contraband misconduct citations—one on May 16, 2023, and one on May 17, 2023 (ECF No. 1, PageID.8)—his response seems to cite only one misconduct that was issued (*see* ECF No. 25, PageID.127.) After reviewing Johnson's "MDOC Prisoner Step III Grievance Report," provided by the Defendants, Judge Grand concluded that Defendants had met their burden to show Johnson failed to exhaust his claim related to a May 16 contraband misconduct. (ECF No. 31, PageID.151.) So because Johnson had not exhausted this claim, and because Johnson did not appear to argue otherwise, Judge Grand recommended granting the motion for partial summary judgment. (*Id.* at PageID.152–153.) Judge Grand also noted that Johnson's three other claims—related to the May 16 shakedown and confiscation of his legal materials, the May 17 strip-search incident, and the May 17 shake down and contraband misconduct ticket—were properly exhausted. (*Id.* at PageID.151.)

Johnson filed two objections to this recommendation. (ECF No. 32.) When a party objects to a magistrate judge's report and recommendation, a district judge reviews the issues raised by the objections *de novo*; there is no obligation to review un-objected to issues. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012). "The district court need not provide *de novo* review where the objections are frivolous, conclusory or general." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (cleaned up).

In both of his objections, Johnson argues that he should not have been required to exhaust his May 16 misconduct ticket claim because exhaustion was not available. (*Id.* at PageID.156–157.) He argues that "the only available avenue for challenging" the misconduct was through a hearing, and the Defendants' failure to provide a hearing made that avenue unavailable. (*Id.* at PageID.157.) These arguments were not raised before Judge Grand and therefore cannot be raised on objection here. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[The Magistrate Judge Act] does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate."); *United States v. Waters*, 158 F.3d 933, 936 (6th Cir.1998) ("[I]ssues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived"). But even if properly raised, Defendants conceded that Johnson did properly exhaust his claim related to the May 17 misconduct by filing a grievance about the misconduct (ECF No. 22, PageID.90–91) and Johnson does not explain why he could not have followed that same process to exhaust his claim for the May 16 misconduct.

Accordingly, the Court OVERRULES Johnson's objections (ECF No. 32) and ADOPTS Judge Grand's report and recommendation (ECF No. 31). Thus, the Defendants' motion for partial summary judgment (ECF No. 22) is GRANTED. This is not a final order and does not close this case.

SO ORDERED.

Dated: August 20, 2025

                                                s/Laurie J. Michelson
                                                LAURIE J. MICHELSON
                                                United States District Judge